Francis L. **CADDICK**

v.

**BOSTITCH/DIVISION OF TEXTRON.**

Virginia **COSTA**

v.

**DAVOL, INC.**

Nos. 85–570–M.P., 86–358–M.P.

Supreme Court of Rhode Island.

Jan. 8, 1987.

Raul L. Lovett, Marc Gursky, Lovett Scheffrin & Gallogly, Providence, for plaintiff.

Berndt W. Anderson, Roberts Carroll Feldstein & Tucker, Inc., Providence, William M. Hefferman, Peabody & Arnold, Boston, John Earle, David F. Sweeney, Breslin & Sweeney, Warwick, for defendant.

OPINION

PER CURIAM.

We granted certiorari in these two consolidated cases to review the decisions and decrees of the Workers' Compensation Appellate Commission.

The facts of the cases are not in dispute. The employees suffered work-related injuries that were compensated for by direct payments from employers without any memoranda of agreement. The employees then filed original petitions, seeking to establish on the record the nature of their injuries. The trial commissioners denied the petitions and the employees appealed the denials as well as the failure of the trial commissioners to make specific findings of fact and the denial of counsel fees. The appellate commission sustained the trial commissioners in divided opinions.

We agree with the dissenting opinions of Commissioner Gilroy in these cases. The

Legislature clearly sets forth in G.L.1956 (1986 Reenactment) § 28–35–1 that if an employer makes payments of compensation to an employee, a memorandum of such agreement signed by the employer *shall* be filed with the department and *shall* include the time, place and nature of the injury.

By mandating that the nature of the employee's injury be recorded, the Legislature thus provides the means by which an employee can preserve a clear record of agreement with respect to his or her legal rights throughout his or her worker's compensation case.

This has been the law since the Legislature amended § 28–35–1 in 1982, and is the law today. For this reason, we quash the commission's decrees in these cases.

Because the employees' attorneys have been successful in their petitions, the attorneys are entitled to fees under § 28–35–32.

The cases are remanded to the Workers' Compensation Commission for proceedings consistent with this opinion.